UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN ARMSTRONG, et al.,<br><br>         Plaintiffs,<br><br> v.<br><br>DAVID C. ARMSTRONG,<br><br>         Defendant. | Case No. 3:24-cv-00469-ART-CSD<br><br>ORDER ON MOTION TO DISMISS; MOTION FOR SUMMARY JUDGMENT; MOTION TO TRANSFER VENUE<br>(ECF Nos. 21, 22, 34) |

Plaintiffs Justin Armstrong and other grandchildren of deceased Richard Armstrong sue their uncle, David Armstrong, for allegedly taking advantage of Richard to steal money intended as the grandchildren's inheritance. Before the Court are David's motions for summary judgment and dismissal and the grandchildren's motion to retransfer venue to Arizona.

**I. Factual Background**

This case concerns an inheritance dispute and is related to another case before this Court, 3:22-cv-00375-ART-CSD.

**A. Family Background**

Richard Armstrong established an inheritance, including a trust and a Fidelity account, for his living children, nonparty Susan and David (Defendant), and grandchildren Justin, Kerry, Summer, Madison, Kelly, and Jamie around 2013 (Plaintiffs). (ECF No. 1 at 3.) The grandchildren allege that in 2016, David took advantage of Richard's age and declining mental state to steal these assets for himself and his son. (*Id.* at 4–6.) David alleges that he only followed the wishes of his father, who decided that Susan and his grandchildren were financially irresponsible and undeserving. (*See* ECF No. 21 at 5.)

After Richard's death in 2022, Richard's other family members allegedly

1

1  learned that David or Richard had liquidated funds from the inheritance accounts
2  in Arizona. (ECF No. 1 at 5.) The grandchildren sued David for taking money from
3  Richard's inheritance accounts without having valid approval to do so, in
4  violation of Arizona's Adult Protective Services Act, negligently managing the
5  assets in the trusts, breaching fiduciary duty to the grandchildren as
6  beneficiaries of the Arizona accounts, and for declaratory relief. (*Id.* at 8–13.) The
7  grandchildren also requested a constructive trust. (*Id.* at 9.)

## II. Procedural History

### A. Venue Transfer

The grandchildren filed this case in the District of Arizona, which transferred the case to this Court under 28 U.S.C. § 1404(a) on a motion filed by David. (ECF No. 14.)

### B. Discovery

After controversies and disputes surrounding discovery plans, Magistrate Judge Denney granted a motion to stay discovery until resolution of the motions for summary judgment and dismissal resolved by this order. (ECF No. 38.)

## III. Analysis

### A. Choice of Law

Under 28 U.S.C. § 1404(a), a change of venue is "with respect to state law, but a change of courtrooms." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964); *see also Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1045 (9th Cir. 2012) (discussing applicability of *Van Dusen*). Accordingly, the Court applies Arizona law.

### B. Motion for Summary Judgment

David seeks summary judgment in this case based on a notarized letter from Richard that expresses frustration with nonparty Susan and purports to show that the grandchildren's suit is untimely. (ECF No. 22 at 14–15.) District courts abuse their discretion by granting summary judgment before permitting

litigants to take discovery. *See Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018) (citing *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 664 (9th Cir. 2020) (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)). David's motion for summary judgment would require the Court to make factual findings before the parties have taken discovery. The Court denies the motion.

**C. Motion to Dismiss**

    **1. Standard of Review**

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations must be plausible and contain more than a "recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

    **2. Statute of Limitations**

David seeks to dismiss of the grandchildren's claims under Arizona's two-year statute of limitations for Arizona's elder abuse statute and because "Susan suffers from admitted severe mental illness" and because this lawsuit "was done with the further aim of inflicting emotional distress and bankrupting legal fees." (ECF No. 21 at 7–8.) The grandchildren respond that the suit is not barred by the statute of limitations.

In Arizona, the statute of limitations does not accrue until a plaintiff knows or should know of an injury or the act causing an injury. *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998) (citing *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 898 P.2d 964, 968 (Ariz. 1995). When discovery occurs and a cause of action

accrues "are usually and necessarily questions of fact for the jury." *Id.* at 961. The grandchildren have alleged that they did not know of David taking the inheritance money in 2016 because Richard was still alive, and the grandchildren did not have access to their accounts. (ECF No. 45.) David responds that it was Susan's responsibility to have told the grandchildren about changes in the inheritance accounts. (ECF No. 48.) This argument relies on facts outside of the record that are inappropriate to consider in a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

David's other argument, that this suit is meant to inflict emotional distress on David, also relies on facts outside the record that are inappropriate to consider at this stage.

Accordingly, the Court denies David's motion to dismiss.

**D. Motion to Change Venue**

Justin moves to return venue to Arizona, citing correspondence between David's counsel which allegedly shows David's counsel misrepresenting that he would file a joint stipulation to the Arizona court extending the deadline for filing Justin's response to David's motion to transfer venue. (ECF No. 34.)

Motions to re-transfer cases are governed by the law of the case doctrine. *See Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 818–19 (1988). In the Ninth Circuit, law of the case doctrine bars the court from reconsidering an interlocutory order by another district court judge unless there is an intervening change in law, new evidence adduced in litigation, or a showing that "the previous decision is 'clearly erroneous'" and that "enforcement of the previous decision 'would work a manifest injustice.'" *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1136 (9th Cir. 2024) (quoting *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001)). A decision is clearly erroneous if it is not supported by caselaw, and a factual finding may be clearly erroneous if it is illogical, implausible, or without support in inferences drawn from the record. *Id.* at 1138;

*Where Do We Go Berkeley v. California Dep't of Transportation*, 32 F.4th 852, 857 (9th Cir. 2022).

The previous court's order was not clearly erroneous. The order applied relevant law governing when to transfer venue. (*See* ECF No. 14 at 2 (citing *Taylor v. Republic Servs., Inc.*, No. CV16-02760-PHX DGC, 2016 WL 6833943).) Although the order fails to cite to facts on the record, it mentions that this Court is overseeing a related case, *Armstrong Living Trust et al. v. Holmes*, No. 3:22-cv-00375-ART-CSD. The parties dispute where several parties and relevant witnesses live, which prevents this Court from deciding that the facts, from affidavits attached to David's motion, were wrong. (*See* ECF Nos. 13, 34.) Based on the applicable law and disputed facts, the Arizona court did not clearly err in its conclusions.

IV. **CONCLUSION**

In sum, the Court denies Defendant David Armstrong's motions for summary judgment and dismissal. (ECF Nos. 21, 22.)

The Court denies Plaintiff's motion to transfer venue. (ECF No. 34.)

DATED THIS 27th day of March 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE